PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

IN THE UNITED STATES DISTRICT COURT
FOR THE **Southern** DISTRICT OF TEXAS
**Houston** DIVISION

United States Courts
Southern District of Texas
F I L E D

AUG 22 2019

David J. Bradley, Clerk of Court

**Kell Angton Jr. #799563**
Plaintiff's Name and ID Number

**Wallace Pack Unit**
**2400 Wallace Pack Rd.**
**Navasota, Texas 77868**
Place of Confinement

CASE NO. _____
(Clerk will assign the number)

v. **Bryan Collier, TDCJ Executive Dir.**
**P.O. Box 99**
**Huntsville, Texas 77342-0099**
Defendant's Name and Address

_____
Defendant's Name and Address

_____
Defendant's Name and Address
( DO NOT USE "ET AL.")

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACKSIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at you prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or a initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from you inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis.)*

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked "**NOTICE TO THE COURT OF CHANGE OF ADDRESS**" and shall not include any motion for any other relief. Failure to file a NOTICE OF THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I.  PREVIOUS LAWSUITS:
   A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ___YES ✓NO
   B. If your answer to "A" is "yes", describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)
      1. Approximate date of filing lawsuit: N/A
      2. Parties to previous lawsuit:
         Plaintiff(s) N/A
         Defendant(s) N/A
      3. Court: (If federal, name the district; if state, name the county.) N/A
      4. Cause number: N/A
      5. Name of judge to whom case was assigned: N/A
      6. Disposition: (Was the case dismissed, appealed, still pending?) N/A
      7. Approximate date of disposition: N/A

Rev. 05/15

II. PLACE OF PRESENT CONFINEMENT: Wallace Pack Unit 2400 Wallace Pack Rd., Navasota, TX. 77868

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?   ✓ YES  ___NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.
* Note: All Grievances Were Filed By Inmate Cole in Class Action Lawsuit #4:14-CV-01698, Cole v Collier.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Rell Angton Jr., TDCJ #799563, Wallace Pack Unit 2400 Wallace Pack Rd., Navasota, Texas 77868

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: Bryan Collier, TDCJ Executive Director
P.O. Box 99, Huntsville, Texas 77342-0099

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Negligence To Use Administrative Power To Keep Plaintiff From Exposure To Hazardous Heat.

Defendant #2: ___

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #3: ___

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #4: ___

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #5: ___

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Rev. 05/15

V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

I Was Included In The Class Action Lawsuit: Cole Et.Al. v. Collier et.al, #4-14-CV-01698, Filed By Inmate Cole, And Edward's Law Firm. The Lawyers Received $4.5 million For Their Efforts In The Settlement. My Lawsuit Is Requesting Monetary Damages For $120 Million As My Payment In The Settlement, To Be Paid By The Same Source. For 2 Decades, I've Been Exposed To Dangerous Heat. Pack 1 Is One Of The Units That It Occurred On. I'm Requesting To Be Paid Monetary Damages For Any Future Hospital Costs Which May Occur As As A Result Of Prolonged Exposure To High Heat. Bryan Collier Is Directly Responsible In His Administrative Negligence To Ensure That Inmates Are Not Exposed To Hazardous Heat. In Jan. 2019, I Was Sent To The LeBlanc Unit As Part Of A Parole Program. From May To August 2019, Temperatures Exceeded 95° And 100° On Several Buildings, Contrary To What The Court Ordered In The Above Mentioned Lawsuit.

VI. RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

To Grant My Lawsuit Requesting To Be Paid 120 Million Dollars As My Part Of The Settlement In The Above Case. To Be Paid By The Same Source Who Paid the Lawyers $4.5 Million For Their Efforts.

VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Rell Angton Jr.

B. List all TDCJ-CID identificaiton numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

337689, 4?????, 799563 (Middle Number Unknown).

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?  ____YES  ✓ NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that imposed sanctions (if federal, give the district and division): N/A
   2. Case number: N/A
   3. Approximate date sanctions were imposed: N/A
   4. Have the sanctions been lifted or otherwise satisfied?  N/A   ____YES ____NO

Rev. 05/15

C. Has any court ever warned or notified you that sanctions could be imposed?   ____ YES  ✓ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that issued warning (if federal, give the district and division): N/A
   2. Case number: N/A
   3. Approximate date warning was issued: N/A

Executed on: 08-19-19
DATE

Rell Angton Jr. #799563
*Rell Angton Jr.*
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from brining an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this   19th   day of   August  , 20 19 .
              (Day)              (month)        (year)

Rell Angton Jr. #799563
*Rell Angton Jr.*
(Signature of Plaintiff)

**WARNING:** Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.

Rev. 05/15